WO                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV 09-2193-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 10, 2009, the Court denied the Application to Proceed with leave to re-file. On December 9, 2009, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #8). By Order filed January 20, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. #11).

On February 11, 2010, Plaintiff filed a "Motion Requesting Permission to Add New Co-Defendants" (Doc. #13) and a Motion for Extension of Time to File First Amended Complaint (Doc. #14). On March 8, 2010, Plaintiff filed a "Motion for Response on Pending Motions" (Doc. #15). Also pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. #10).

. . .

. . .

JDDL

**I.  Motions**

    **A.  Preliminary Injunction**

In his Motion for Preliminary Injunction, Plaintiff asks that the Court require the Arizona Department of Corrections to remove "roadblocks" to Plaintiff obtaining copies of legal documents and to allow Plaintiff to be present while his materials are being copied.

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*). A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim. Because there presently is no complaint pending, Plaintiff's request is not properly before the Court at this time. Accordingly, the Court will deny Plaintiff's Motion for Preliminary Injunction.

    **B.  Motion to Add Defendants**

Plaintiff has already been granted permission in the Court's last screening order to file an amended complaint. Plaintiff may therefore add defendants and claims as necessary in an amended complaint. Plaintiff is reminded that an amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258,1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The Court will only consider the claims raised in an amended complaint against defendants named in an amended complaint.

. . .

**C. Motion for Extension of Time**

In his Motion for Extension of Time, Plaintiff states that he needs additional time to prepare an amended complaint and obtain copies. The Court will grant Plaintiff's motion and give Plaintiff 30 days from the filing date of this Order to file an amended complaint.

**D. Motion for Response to Pending Motions**

In his Motion for Response, Plaintiff asks that the Court rule on his pending motions. The Motion will be granted to the extent that this Order addresses Plaintiff's previously filed Motions.

**II. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the Court's January 20, 2010 Order, or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Preliminary Injunction (Doc. #10) is **denied.**

(2) Plaintiff's "Motion Requesting Permission to Add New Co-Defendants" (Doc. #13) is **granted**.

(3) Plaintiff's Motion for Extension Time (Doc. #14) is **granted**; Plaintiff has 30 days from the filing date of this Order to file an amended complaint that complies with the Court's January 20, 2010 Order.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(5) Plaintiff's Motion for Response on Pending Motions (Doc. #15) is **granted** to the extent that this Order addresses Plaintiff's previously filed Motions.

Dated this 10th day of March , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge