1   **WO**                                                                                          KM
2
3
4
5
6                          **IN THE UNITED STATES DISTRICT COURT**
7                                **FOR THE DISTRICT OF ARIZONA**
8
9   Thomas Stewart, Jr.,                    )   No. CV 09-2193-PHX-RCB (LOA)
                                            )
10         Plaintiff,                       )   **ORDER**
                                            )
11  vs.                                     )
                                            )
12  Charles Ryan, et al.,                   )
                                            )
13         Defendants.                      )
                                            )
14

Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 10, 2009, the Court denied the Application to Proceed with leave to re-file. On December 9, 2009, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #8). By Order filed January 20, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. #11).

After receiving an extension of time, Plaintiff filed a First Amended Complaint (Doc. #17) on March 22, 2010. The Court will dismiss the Amended Complaint with leave to amend.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**JDDL**

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the Amended Complaint may possibly be saved by amendment.

. . .

## II. Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: Arizona Department of Corrections Director Charles Ryan, Deputy Warden Matson, Lt. Allen, and Deputy Warden Curran. It appears that Plaintiff also intends to name other individuals as Defendants in the Amended Complaint. However, Plaintiff has not clearly listed these Defendants; the Court will not hunt through Plaintiff's Amended Complaint to determine the number and identity of individuals Plaintiff intends to sue.

Plaintiff's Amended Complaint consists of a 12-page narrative that appears to contain numerous claims for relief, followed by three numbered counts. In the numbered counts, Plaintiff raises claims relating to grievances, disciplinary proceedings, alleged race discrimination, and conditions of confinement.

Plaintiff seeks money damages.

## III. Failure to Comply with Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

Although Plaintiff has used a court-supplied form, the Court has reviewed Plaintiff's Amended Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint is composed of a 12-page

1 narrative followed by three counts that each contain more than one claim for relief.
2 Plaintiff's allegations also appear to raise claims against individuals who are not listed as
3 Defendants in the Amended Complaint. Accordingly, the Court is unable to determine the
4 number and nature of Plaintiff claims or whether Plaintiff intends to name as Defendants all
5 individuals discussed in the Amended Complaint. The Court cannot meaningfully review
6 the Amended Complaint, as required by 28 U.S.C. § 1915A(a). Accordingly, the Court will
7 dismiss the Amended Complaint with leave to amend.

**IV. Leave to Amend**

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

In any second amended complaint, Plaintiff must write **short, plain statements** telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim. Further, Plaintiff must comply with any specific directions set out by the Court in its discussion of individual claims. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its

entirety on the court-approved form and may not incorporate any part of the original Complaint or Amended Complaint by reference. **Plaintiff may include only one claim per count.**

A second amended complaint supersedes the original complaint and first amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint and amended complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff should also note that an inmate has no free-standing constitutional right to a grievance process. In Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures. Other circuits have held similarly. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Without a liberty interest, Plaintiff has no procedural due process rights at stake.

Further, the mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff should also note that "'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Finally, Plaintiff should note that an Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." Farmer v.

Brennan, 511 U.S. 825, 834 (1994). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. at 837.

**V.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Amended Complaint (Doc. #17) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 26th day of April , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge