WO KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV 09-2193-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 10, 2009, the Court denied the Application to Proceed with leave to re-file. On December 9, 2009, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 8). By Order filed January 20, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. 11).

After receiving an extension of time, Plaintiff filed a First Amended Complaint (Doc. 17) on March 22, 2010. On April 27, 2010, the Court dismissed the First Amended Complaint with leave to amend. On May 14, 2010, Plaintiff filed a Motion for Extension of Time to file a second amended complaint (Doc. 19). By Order filed May 25, 2010, the Court granted Plaintiff an additional 60 days to file a second amended complaint.

On July 12, 2010, Plaintiff filed a Motion for Writ of Habeas Corpus Order (Doc. 22). On July 26, 2010, Plaintiff filed a Motion for Extension of Time to File a Second Amended

**JDDL**

Complaint (Doc. 24) and a Motion for Preserving Videotape (Doc. 25).

## I. Motions

In his Motion for Extension of Time, Plaintiff requests an additional 30 days within which to file a second amended complaint. In the May 25, 2010 Order, the Court specifically warned Plaintiff that he would not be granted any further extensions of time. The Court will therefore deny the Motion for Extension of Time. Plaintiff will have 10 days from the filing day of this Order to file a second amended complaint.

In his Motion for Writ of Habeas Corpus, Plaintiff appears to request a hearing and that he be personally present for the hearing. As there is no complaint presently pending before the Court, the Court will deny Plaintiff's request for a hearing.

In his Motion for Preserving Videotape, Plaintiff asks that the Court order Defendants to preserve of videotape of Plaintiff tripping and falling in a July 4, 2010 incident. Again, there is no complaint pending before the Court. Plaintiff's Motion is therefore not properly before the Court at this time and will be denied.

## II. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice

to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the April 27, 2010 screening Order, or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's July 12, 2010 Motion for Extension of Time (Doc. 24) is **denied**; Plaintiff has **10 days** from the date this Order is filed to file a second amended complaint in compliance with the April 27, 2010 screening Order.

(2) If Plaintiff fails to file a second amended complaint within **10 days**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(3) Plaintiff's Motion for Writ of Habeas Corpus Order (Doc. 22) is **denied**.

(4) Plaintiff's Motion for Preserving Videotape (Doc. 25) is **denied**.

Dated this 2nd day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge