**WO**                                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., ) | No. CV 09-2193-PHX-RCB (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Charles Ryan, et al., ) | |
| Defendants. ) | |

Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 10, 2009, the Court denied the Application to Proceed with leave to re-file. On December 9, 2009, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. 8). By Order filed January 20, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. 11).

After receiving an extension of time, Plaintiff filed a First Amended Complaint (Doc. 17) on March 22, 2010. On April 27, 2010, the Court dismissed the First Amended Complaint with leave to amend. On May 14, 2010, Plaintiff filed a Motion for Extension of Time to file a second amended complaint (Doc. 19). By Order filed May 25, 2010, the Court granted Plaintiff an additional 60 days to file a second amended complaint.

**TERMPSREF**

On July 12, 2010, Plaintiff filed a Motion for Writ of Habeas Corpus Order (Doc. 22). On July 26, 2010, Plaintiff filed a Motion for Extension of Time to File a Second Amended Complaint (Doc. 24) and a Motion for Preserving Videotape (Doc. 25).  The Court denied these Motions by Order filed August 3, 2010 (Doc. 26).

On August 13, 2010, Plaintiff filed a Second Amended Complaint (Doc. 27).  The Court will order Defendants Lockhart, Malcolm, Ryan, Gilbert, Currans, Barcklay, and Franco to answer Count I of the Second Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.  Second Amended Complaint

The Court notes first that Plaintiff's Second Amended Complaint is poorly organized and it is therefore difficult to determine the precise number of Plaintiff's claims and the Defendants Plaintiff intends to sue. However, given the potentially serious nature of Plaintiff's claims, the already protracted nature of this case, and Plaintiff's apparent inability to precisely follow the Court's directions regarding the filing of his claims, the Court will accept the Second Amended Complaint as filed.

Plaintiff's Second Amended Complaint is composed of several pages of detailed factual information, two claims for relief (numbered Counts I and II) that are not on the court-approved form, and then three claims for relief on the court-approved form (labeled as Counts I, II, and III). The first two claims on the form appear to be identical claims to the two claims that were not on the form. The Court will therefore disregard the claims that are not on the form (pages 1k and 1l of the Second Amended Complaint).

In Count I, Plaintiff claims that his Eighth Amendment rights were violated when Defendants failed to provide him with adequate medical care. In Count II, Plaintiff claims his Eighth and Fourteenth Amendment rights were violated when Defendants Matson and Romos denied his inmate grievances and failed to intervene. In Count III, Plaintiff again alleges that his Eight Amendment rights were violated by inadequate medical care. Plaintiff seeks money damages.

## III.  Claims for Which an Answer Will be Required

Plaintiff alleges that he suffers from "spinal stenosis, disc degeneration and bulging"

and that he requires a back brace and cane for walking. Plaintiff further claims that he previously received epidural injections for a period of 18 months at St. Mary's hospital.

The Court will require the following Defendants to answer the following claims as part of Count I of the Second Amended Complaint. Each claim alleges a violation of Plaintiff's Eighth Amendment rights:

(1) Defendant Lockhart must answer the allegation that he refused to care for Plaintiff as previous providers did, despite having been informed of Plaintiff's condition; directed a course of treatment that significantly reduced Plaintiff's medications over a short period of time and caused Plaintiff pain; and directed C.O. II Jones to confiscate Plaintiff's back brace (pp. 1d-1e of the Second Amended Complaint);

(2) Defendants Malcolm and Ryan must answer the allegation that they were aware of Plaintiff's medical situation and requests for treatment but that they approved the reduction of Plaintiff's medications (pp. 1e-1f of the Second Amended Complaint);

(3) Defendant Gilbert must answer the claim that she refused to provide Plaintiff "shots or anything else" because she believed Plaintiff was faking his episodes (p. 1f of the Second Amended Complaint);

(4) Defendant Barcklay and Ricci must answer the claim that they took away Plaintiff's cane which Plaintiff had used for walking for 7 years (pp. 1f-1g of the Second Amended Complaint);

(5) Defendant Franco must answer the claims that despite having knowledge of Plaintiff's medical condition and requests for treatment, he approved a significant reduction of Plaintiff's medications (p. 1g of the Second Amended Complaint).

## IV.  **Failure to State a Claim**

In Count II, Plaintiff claims that Defendants Matson and Romos denied his medical grievances and failed to intervene on his behalf. The mere denial of a grievance does not

1  give rise to the inference of active unconstitutional behavior.  Where a defendant's only
2  involvement in the allegedly unconstitutional conduct is the denial of administrative
3  grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional
4  behavior does not amount to active unconstitutional behavior for purposes of § 1983.  Shehee
5  v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  The Court will therefore dismiss Count II for
6  failure to state a claim.

7      Count III is simply a vague repetition of Plaintiff's medical claims.  The Court will
8  dismiss Count III as duplicative.

9      On pages 1h through 1l of Plaintiff's facts section, Plaintiff provides a list of several
10 individuals whom he describes as "additional defendants."  Plaintiff has not alleged specific
11 facts against these individuals and the Court will therefore dismiss them, except as noted in
12 Section III of this Order.

13 **V.    Warnings**

14     **A.    Release**

15     Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
16 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
17 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
18 in dismissal of this action.

19     **B.    Address Changes**

20     Plaintiff must file and serve a notice of a change of address in accordance with Rule
21 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
22 relief with a notice of change of address.  Failure to comply may result in dismissal of this
23 action.

24     **C.    Copies**

25     Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
26 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
27 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
28 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

1  may result in the filing being stricken without further notice to Plaintiff.

2      **D.    Possible Dismissal**

3  If Plaintiff fails to timely comply with every provision of this Order, including these
4  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
5  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
6  comply with any order of the Court).

7  **IT IS ORDERED:**

8      (1)    Counts II and III, and the claims on pages 1k-1l are **dismissed** without
9  prejudice.

10      (2)    Defendants Matson, Allen, Romos and the individuals listed on pages 1h-1k
11  of the Second Amended Complaint, unless specifically mentioned, are **dismissed** without
12  prejudice.

13      (3)    Defendants Lockhart, Malcolm, Ryan, Gilbert, Currans, Barcklay, and Franco
14  must answer the Eighth Amendment claims in Count I, as described in Section III of this
15  Order.

16      (4)    The Clerk of Court must correct the docket to show Defendants Lockhart,
17  Malcolm, Ryan, Gilbert, Currans, Barcklay, and Franco as active Defendants in this action.

18      (5)    The Clerk of Court must send Plaintiff a service packet including the Second
19  Amended Complaint (Doc. 27), this Order, and both summons and request for waiver forms
20  for Defendants Lockhart, Malcolm, Ryan, Gilbert, Currans, Barcklay, and Franco.

21      (6)    Plaintiff must complete and return the service packet to the Clerk of Court
22  within 21 days of the date of filing of this Order. The United States Marshal will not provide
23  service of process if Plaintiff fails to comply with this Order.

24      (7)    If Plaintiff does not either obtain a waiver of service of the summons or
25  complete service of the Summons and Second Amended Complaint on a Defendant within
26  120 days of the filing of the Complaint or within 60 days of the filing of this Order,
27  whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ.
28  P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose

1  behalf it is filed. The Court may strike any answer, response, or other motion or paper that
2  does not identify the specific Defendant by name on whose behalf it is filed.
3       (13)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
4  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
5  authorized under 28 U.S.C. § 636(b)(1).
6       DATED this 22nd day of September, 2010.

_____
Robert C. Broomfield
Senior United States District Judge