WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV 09-2193-PHX-RCB-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Thomas Stewart Jr. brought this *pro se* civil rights action under 42 U.S.C. § 1983 against various employees Arizona Department of Corrections (ADC) (Doc. 27). Defendants move to dismiss Plaintiff's Second Amended Complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. 43). The motion is fully briefed (Doc. 47, 48).

The Court will grant Defendants' motion and dismiss this action without prejudice.

**I.    Background**

Plaintiff initiated this action in October 2009 (Doc. 1); he filed his Second Amended Complaint in August 2010 (Doc. 27). As the Court explained in its Screening Order, Plaintiff's Second Amended Complaint is poorly organized and difficult to decipher. Plaintiff generally alleged that he suffers from "spinal stenosis, disc degeneration and bulging" and that he requires a back brace and cane for walking (Doc. 27 at 1c). The Court

determined that Plaintiff presented three claims for relief.[1] The Court dismissed Count II for failure to state a claim and Count III as duplicative of Count I (Doc. 31 at 5). The Court ordered Defendants to answer Count I, which contained the following claims:

(1) In 2008, physician Lockhart refused to care for Plaintiff as previous providers did, despite having been informed of Plaintiff's condition; directed a course of treatment that significantly reduced Plaintiff's medications over a short period of time and caused Plaintiff pain; and directed C.O. II Jones to confiscate Plaintiff's back brace (Doc. 27 at 1d-1e);

(2) Deputy Warden Malcolm and Director Ryan were aware of Plaintiff's medical situation and requests for treatment but they approved Lockhart's reduction of Plaintiff's medications (id. at 1e-1f);

(3) In November 2009, nurse Gilbert refused to provide Plaintiff "shots or anything else" because she believed Plaintiff was faking his episodes (id. at 1f);

(4) In June 2010, physician Barcklay and nurse Ricci took away Plaintiff's cane which Plaintiff had used for walking for 7 years (id. at 1f-1g); and

(5) In July 2010, Deputy Warden Franco approved a significant reduction of Plaintiff's medications despite having knowledge of Plaintiff's medical condition and requests for treatment (id. at 1g).

The Court ordered Lockhart, Malcom, Ryan, Gilbert, Currans, Barcklay, and Franco to answer the respective claims against them (Doc. 31 at 6).[2] Defendants Barcklay, Currans, Franco, and Ryan move to dismiss (Doc. 43).[3]

///

---

[1] The Court disregarded two claims that were not on the court-approved form because they were duplicative of Counts I and II that were on the court-approved form (Doc. 31 at 3).

[2] The Court dismissed all remaining Defendants named in Plaintiff's Second Amended Complaint (Doc. 31 at 6).

[3] Defendants Lockhart, Malcolm, and Gilbert have not been served (Docs. 36, 37, 39).

- 2 -

## II. Defendants' Motion

### A. Defendants' Contentions

In support of their motion, Defendants the declarations of Matthew Musson, an employee at ADC's Health Services Bureau (id., Ex. 1, Musson Decl. ¶ 1), and Aurora Aguilar, ADC Central Office Hearing Officer (id., Ex. 2, Aguilar Decl. ¶ 1). The declarations are supported by the three versions of Department Order (DO) 802, *Inmate Grievance System*, effective March 3, 2000 through July 12, 2009; July 13, 2009 through May 27, 2010; and May 28, 2010 through the present (id., Exs. 3-5).

Musson attests that the version of DO 802 in effect until July 2009 provided for a three-step process for medical grievances: (1) the inmate must submit an inmate letter to his assigned counselor within ten working days of the action that caused the complaint; (2) within ten calendar days of the inmate letter response, the prisoner may file a formal grievance to the Grievance Coordinator, who forwards it to the FHA; and (3) the prisoner may appeal the FHA's response within ten calendar days to the ADC Director's Office (id., Ex. 1, Musson Decl. ¶ 7; Ex. 3 at DO 802.11 § 1.1–1.3).

For medical grievances arising after July 13, 2009, Musson declares that the revised DO 802 required that inmates follow a five-step process for medical grievances: (1) an inmate must first attempt to resolve a complaint through informal means, such as discussion with staff; (2) if an inmate is unable to resolve the issue informally, he must then submit an inmate letter to his assigned counselor within 10 working days of the action that caused the complaint; (3) within five working days of the inmate letter response, the prisoner may file a formal grievance to the Grievance Coordinator, who forwards it to the Facility Health Administrator; (4) within five working days of the FHA's response, the prisoner may file a grievance appeal with the Health Services Regional Operations Director (HSROD); and (5) the prisoner may appeal the HSROD's response within five working days to the ADC Director's Office (id., Ex. 1, Musson Decl. ¶ 13; Ex. 4 at DO 802.02–802.05 ).

Musson further states that DO 802 was modified by Director's Instruction (DI) 287 effective May 28, 2010. DI 287 required that medical grievances follow a four-step process:

1  (1) an inmate must first attempt to resolve a complaint through informal means, such as
2  discussion with staff; (2) if an inmate is unable to resolve the issue informally, he must then
3  submit an inmate letter to his assigned counselor within 10 working days of the action that
4  caused the complaint; (3) within five working days of the inmate letter response, the prisoner
5  may file a formal grievance to the Grievance Coordinator, who forwards it to the Facility
6  Health Administrator; and (4) within five working days of the FHA's response, the prisoner
7  may file a grievance appeal with the Assistant Director for Health Services, who drafts a
8  response for the Director's signature (id., Ex. 1, Musson Decl. ¶ 19; Ex. 5 at DI 287
9  802.02–802.06 ).

10  Musson declares that he reviewed the Medical Grievance Appeal Log and Medical
11  Grievance Appeal File maintained at the ADC's Central Office to determine if Plaintiff filed
12  a final grievance appeal between October 8, 2008 and August 12, 2010 with respect to
13  Plaintiff's claims that ADC staff: (1) failed to provide the same care as previous providers;
14  (2) directed that his medication be significantly reduced; (3) approved significant reductions
15  of his medication with the knowledge of his serious medical condition; (4) failed to provide
16  shots because of a belief that he was malingering; and (5) confiscated his back brace and
17  cane (id., Ex. 1, Musson Decl. ¶ 23).  Musson attests that Plaintiff did not file a final
18  grievance appeal as to any of these claims (id. ¶ 24).

19  Aguilar attests that the final step in the grievance process for non-medical appeals is
20  also an appeal to the ADC Director (id., Ex. 2, Aguilar Decl. ¶ 5).  She further states that she
21  reviewed the Grievance Appeal Log and Grievance Appeal File to determine if Plaintiff filed
22  a final grievance appeal as to any non-medical issues.  Specifically, Aguilar avers that she
23  searched for a final grievance appeal that staff confiscated Plaintiff's property, but none were
24  filed (id. ¶¶ 11-12).

25  Based on the above evidence, Defendants maintain that Plaintiff failed to exhaust his
26  available administrative remedies and his claims must be dismissed (Doc. 43 at 5).

27
28

- 4 -

### B.     Plaintiff's Response[4]

Plaintiff opposes Defendants' motion (Doc. 47).  Though convoluted, Plaintiff contends that he was prevented from exhausting because of the "misconduct" at every unit at which he has been housed (id. at 6).  In support of his motion, Plaintiff submits 293 pages of exhibits (id., Exs. 1-9).

### C.     Defendants' Reply

In reply, Defendants maintain that Plaintiff's claims must be dismissed because he failed to exhaust (Doc. 48).  Defendants point out that despite the specific warning issued by the Court explaining what evidence was necessary to respond to Defendants' motion, Plaintiff submitted largely irrelevant exhibits that have no bearing on whether he exhausted his administrative remedies (id. at 3-4).  Defendants conclude that because DO 802 requires an inmate to appeal a grievance to the Director, and Plaintiff failed to do so with respect to any of his claims, they must be dismissed.

## III.    Exhaustion Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).  And a prisoner must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 212 (2007).  Thus, the defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide

---

[4] The Court issued an Order that notified Plaintiff of his response obligations and set a briefing schedule for the motion (Doc. 44).  See Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

1  disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the
2  method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's &
3  Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

4  **IV.   Analysis**

5  Plaintiff alleged that between 2008 and 2010, Defendants were deliberately indifferent
6  to his serious medical needs by: (1) failing to properly treat his medical conditions as prior
7  physicians had; (2) substantially reducing his medication; (3) failing to provide him with
8  necessary shots; and (4) confiscating his back brace and/or walking cane (Doc. 27 at 1d-1g)).
9  Defendants introduce evidence that a grievance procedure was available at the ADC for these
10 claims but that Plaintiff did not utilize the procedure and, thus, failed to exhaust (Doc. 43,
11 Ex. 1, Musson Decl. ¶¶ 23-24; id., Ex. 2, Aguilar Decl. ¶ 11-12).

12 In response, Plaintiff asserts that he was unable to exhaust because of pervasive ADC
13 staff "misconduct" (Doc. 47 at 6). It is correct that if Plaintiff was unable to file grievance
14 forms or if he was reliably informed that administrative remedies were not available,
15 exhaustion is not required. Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009); Brown,
16 422 F.3d at 935. But in his 14-page response, Plaintiff does not recount a *single* specific
17 instance where he was denied a grievance form or was otherwise prevented from utilizing
18 the grievance procedure for any of his claims. The Court finds unavailing Plaintiff's vague
19 allegation that unspecified past difficulties with the grievance process excuse his failure to
20 exhaust the discrete issues in this case.

21 The Court notes that it has reviewed each page of the Exhibits Plaintiff submitted with
22 his motion and *not one document* demonstrates that he filed a final grievance appeal as to any
23 of the claims articulated in his Second Amended Complaint (Doc. 47, Exs. 1-9). Indeed,
24 many of the documents relate to events that occurred before the claims in this action arose.
25 In short, Plaintiff makes no attempt to explain his attempts at exhaustion for the claims
26 presented in his Second Amended Complaint or how he was prevented from exhausting. As
27 a result, the Court finds that Defendants have met their burden to establish nonexhaustion and
28 their motion to dismiss will be granted.

## V. Remaining Defendants

Lockhart, Malcolm, and Gilbert have not been served. But this motion to dismiss addressed all claims presented in Count I of the Second Amended Complaint, which will be dismissed in its entirety. Consequently, no claims remain against Lockhart, Malcolm, and Gilbert and they too will be dismissed.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 43).

(2) Defendants' Motion to Dismiss (Doc. 43) is **granted**.

(3) This action is dismissed without prejudice and the Clerk of Court must enter judgment accordingly.

DATED this 21st day of April, 2011.

_____
Robert C. Broomfield
Senior United States District Judge