WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV 09-2193-PHX-RCB-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

On April 21, 2011, the Court granted Defendants' motion to dismiss this action and entered Judgment against Plaintiff (Docs. 50-51). Before the Court is Plaintiff's Motion for Extension of Time to File a Motion for Reconsideration and Plaintiff's Motion for Reconsideration (Docs. 52-53). Because Plaintiff's Motion for Reconsideration is timely filed, the Court will deny as moot the motion for extension of time.

The Court did not direct Defendants to file a response to the motion for reconsideration and the Court will deny it.[1]

**I.    Background**

Plaintiff's claim stemmed from his medical treatment at the Arizona Department of Corrections (Doc. 27). Plaintiff named seven ADC employees and alleged that Defendants were deliberately indifferent to Plaintiff's serious medical needs (id. at 1d-1g).

Defendants Barcklay, Currans, Franco, and Ryan moved to dismiss Plaintiff's Second

---

[1] Under Local Rule of Civil Procedure 7.2(g)(2), no response to a motion for reconsideration shall be filed unless ordered by the Court.

Amended Complaint on the ground that Plaintiff failed to exhaust administrative remedies prior to filing this lawsuit (Doc. 43).  The Court granted the motion, determining that Plaintiff failed to establish that he completed the ADC's grievance procedure as to any of the deliberate indifference allegations presented in his Second Amended Complaint or that he was prevented from doing so (Doc. 50 at 6-7).

**II.     Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's Order dismissing this action because he successfully completed the ADC's grievance process on April 21, 2011 (Doc. 53).

**A.     Legal Standard**

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  A motion to alter or amend a judgment must be made within 28 days of entry of judgment.  Fed. R. Civ. P. 59(e) (2010).   Here, judgment was entered on April 21, 2011, and the present motion was signed and thus filed on May 11, 2011 (Doc. 53). The motion is therefore timely under Rule 59(e) and should be considered under that rule as opposed to Rule 60(b).  Am. Ironworks & Erectors, Inc. v. N. Am. Contr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within" the time provided under the rule).

A Rule 59(e) motion is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 (9th Cir. 2005) (quoting Sch. Dist. No 1J, Multnomah County v. ACandS, Inc., 5 F .3d 1255, 1263 (9th Cir.1993)).

**B.     Analysis**

Plaintiff presents what he describes as new evidence demonstrating that he did, in fact, exhaust the ADC's grievance procedure as to his deliberate indifference claims (Doc. 53 at 4). Specifically, Plaintiff claims that on April 21, 2011, Plaintiff successfully completed the ADC's grievance procedure by fully exhausting Grievance Number Y09-21-D11 (id., Ex.

- 2 -

1). While Plaintiff appears to contend that newly discovered evidence warrants reconsideration of the Court's Order dismissing this action for failure to exhaust, Plaintiff's motion must be denied. Even assuming Plaintiff did fully exhaust his deliberate indifference claims on April 21, 2011, such action would not constitute proper exhaustion because the Prison Litigation Reform Act mandates that an inmate exhaust remedies *before* filing a lawsuit invoking 42 U.S.C. § 1983; exhausting remedies during the course of the lawsuit does not comply with the requirement. Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002). The statute itself states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a).

Thus, even crediting the allegations in his motion for reconsideration, Plaintiff failed to properly exhaust his claims. See Woodford v. Ngo, 548 U.S. 81, 92 (2006); see also Holcomb v. Fleeman, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (inmate's concession that he did not obtain a Director's level decision until after the lawsuit was filed "is fatal to his action") (citing Woodford, 548 U.S. at 92; McKinney, 311 F.3d at 1199-1201).

Moreover, to the extent that Plaintiff alleges that he has presented new evidence demonstrating that he was prevented from exhausting his administrative remedies prior to filing this lawsuit, the Court finds this argument wholly unpersuasive because there is no additional evidence submitted with the motion for reconsideration that establishes that Plaintiff was prevented *in any way* from exhausting his administrative remedies. For these reasons, Plaintiff's motion for reconsideration will be denied.

### III.   *In Forma Pauperis* Status on Appeal

Plaintiff has already filed a Notice of Appeal of the Court's April 21, 2011 Judgment (Doc. 54). The Ninth Circuit Court of Appeals has referred Plaintiff's appeal to this Court to determine whether Plaintiff's *in forma pauperis* status should continue or whether Plaintiff's appeal is frivolous or taken in bad faith.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Not taken in good faith"

means "frivolous." See Ellis v. United States, 356 U.S. 674, 674-75 (1958); Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (indigent appellant permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Court concludes that an appeal from the Order dismissing this action would be frivolous because Plaintiff presented nothing to rebut Defendants' evidence of nonexhaustion. In its Order, the Court found that Plaintiff failed to submit any documentary evidence to show that he exhausted his administrative remedies for any of his deliberate indifference allegations and, similarly, he failed to allege any specific facts regarding his attempts to file grievances (Doc. 50 at 6). The Court therefore determined that Plaintiff could not overcome Defendants' specific evidence that there was no record of any attempt to exhaust remedies (id.).

Accordingly, this Order certifies that Plaintiff's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Extension of Time to File Motion for Reconsideration (Doc. 52) is **denied as moot**.

(2) Plaintiff's Motion for Reconsideration (Doc. 53) is **denied**.

(3) Plaintiff's appeal from this Court's final judgment **is not taken in good faith** and Plaintiff is not entitled to *in forma pauperis* status on appeal. See 28 U.S.C. § 1915(a)(3); Federal Rule of Appellate Procedure 24(a)(3)(A).

(4) The Clerk of Court must send a copy of this Order to the Ninth Circuit Court of Appeals referencing case number 11-16261.

DATED this 25th day of May, 2011.

_____
Robert C. Broomfield
Senior United States District Judge