WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | ) No. CV 09-2193-PHX-RCB-LOA |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles Ryan, et al., | ) |
| Defendants. | ) |

Before the Court are Plaintiff's Motion for Rule 60(b) Relief and Motion for Temporary Restraining Order or Preliminary Injunction (Docs. 61-62). The Court will deny both motions.

**I.  Background**

Plaintiff's claim stemmed from his medical treatment at the Arizona Department of Corrections (Doc. 27). Plaintiff presented various allegations of deliberate indifference to his serious medical needs against seven ADC employees. Upon Defendants' motion to dismiss for failure to exhaust administrative remedies, the Court dismissed this action without prejudice on April 21, 2011 and entered Judgment against Plaintiff (Docs. 50-51). The Court specifically determined that Plaintiff failed to establish that he completed the ADC's grievance procedure as to any of the deliberate indifference allegations presented in his Second Amended Complaint or that he was prevented from doing so (Doc. 50 at 6-7). Plaintiff then filed a timely motion pursuant to Federal Rule of Civil Procedure 59(e), which the Court denied (Docs. 53, 60).

## II. Motion for Relief Pursuant to Rule 60(b)

Plaintiff now seeks Rule 60(b) relief, contending that newly discovered evidence and fraud mandate relief from this Court's Judgment (Doc. 61).

### A. Legal Standard

Rule 60(b) allows a court to relieve a party from a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, by due diligence, could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. No. 1J, Multnomah County v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A Rule 60(b) motion based on subsections (1), (2), or (3) must be made within a year after entry of the judgment, and a motion based on any other ground must be made within a reasonable time. Fed. R. Civ. P. 60(c).

### B. Analysis

Plaintiff maintains that he was prevented from properly exhausting the ADC's grievance procedure and also presents argument related to the merits of his underlying deliberate indifference allegations. Neither of these arguments warrants Rule 60(b) relief.

First, *all* of Plaintiff's grievance documents establish that his attempts at exhaustion were undertaken this year, long after the filing of this action. As the Court explained in its Order denying Rule 59(e) relief, the Prison Litigation Reform Act mandates that an inmate exhaust remedies *before* filing a lawsuit invoking 42 U.S.C. § 1983; exhausting remedies during the course of the lawsuit does not comply with the requirement. Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002). The statute itself states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a).

Moreover, any argument related to the merits of his underlying claims is simply irrelevant to the narrow question of whether Plaintiff exhausted his administrative remedies. In short, Plaintiff is not entitled to Rule 60(b) relief and his motion will be denied. Because

- 2 -

1 | this action is closed, Plaintiff's motion for injunctive relief will be denied as moot.

2 | **IT IS ORDERED:**

3 |     (1)    Plaintiff's Motion for Rule 60(b) Relief (Doc. 61) is **denied**.

4 |     (2)    Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 62) is **denied as moot**.

6 |     (3)    The Clerk of Court must send a copy of this Order to the Ninth Circuit Court of Appeals referencing case number 11-16261.

8 | DATED this 8th day of July, 2011.

_____
Robert C. Broomfield
Senior United States District Judge